IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL STRATON, #351906<br>    Plaintiff,<br>v.<br><br>MARGRET CHIPPENDAL, et al.<br>COUNSELOR COOPER<br>    Defendants. | *<br><br>* CIVIL ACTION NO. PJM-10-3270<br><br>*<br><br>* |

***

**MEMORANDUM OPINION**

Michael Straton ("Straton") is a state inmate currently confined at the Jessup Pre-Release Unit ("JPRU"). On November 18, 2010, the Court received for filing his 42 U.S.C. § 1983 civil rights complaint for damages and remuneration for lost wages. Straton alleges that his classification counselor used a 1991 case and 25-year old conviction as criteria to stop him from participating in an outside work detail, violating his rights under the Fifth, Eighth, and Fourteenth Amendments and causing him stress, mental anguish, and depression. ECF No. 1. Straton's Motion for Leave to Proceed *In Forma Pauperis* shall be granted, but the case shall be dismissed without requiring service of process.

While prison employment may serve an important rehabilitative function, the law is well settled that a prisoner has no constitutional right to participate in an educational or rehabilitative program. *See Moody v. Daggett*, 429 U.S. 78, 88 at n. 9 (1976); (due process clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where prisoner suffers "grievous loss"); *Bulger v. United States Bureau of Prisons,* 65 F.3d 48, 49 (5th Cir.1995) ( "Prisoner classification and eligibility for rehabilitation programs...are not directly subject to 'due process'

protections." ) (citing *Moody, supra* ).  There is no allegation that Straton is without the opportunity to participate in other job assignments at JPRU, merely that he is unable to earn the monies from outside work details.  The denial of an outside work detail does not impose an atypical and significant hardship on him in relation to the ordinary incidents of prison life, so as to implicate a due process right.  *See Kitchen v. Upshaw*, 286 F.3d 179, 185-87 (4th Cir. 2002); *see also Sandin v. Conner,* 515 U.S. 472, 484 (1995).

Further, while Straton claims that his removal from an outside work detail constituted cruel and unusual punishment and violated his equal protection rights, in the absence of presenting factual allegations in support of such claims, his conclusory use of constitutional phrases alone does not satisfy federal pleading requirements.  Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007).

For the aforementioned reasons, the civil rights Complaint shall be dismissed without prejudice.  A separate Order follows.

November 29, 2010  /s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE